

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
 )
          Plaintiff, )
 )
    v. ) No. 04 C 7377
 )
CONRAD M. BLACK AND )
HOLLINGER, INC., )
 )
          Defendants. )

## OPINION AND ORDER

This case is before the court on the motion for relief from judgment of defendant Conrad Black. Defendant seeks relief from prior orders granting injunctive relief and granting partial summary judgment in the form of findings of liability for false statements in connection with the sale of securities.[1] *See SEC v. Black*, 2008 WL 4394891 (N.D. Ill. Sept. 24, 2008) (findings as to liability on certain claims reached on partial summary judgment); Judgment dated Oct. 22,

---

[1]Defendant labels his motion as one for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(5). However, since no final judgment has been entered, this is actually a motion to amend interlocutory orders and an interlocutory judgment for injunctive relief.

2008 [docket entry 170] (partial judgment for injunctive relief); *SEC v. Black*, 2009 WL 1181480 (N.D. Ill. Apr 30, 2009) (findings as to certain monetary relief reached on partial summary judgment). The injunction and findings are based on estoppel arising out of a conviction of the defendant in a related criminal proceeding in this court, see *United States v. Black,* 2007 WL 3254452 (N.D. Ill. Nov. 5, 2007), *aff'd*, 530 F.3d 596 F.3d (7th Cir. 2008), and a judgment of a Delaware court in civil proceedings, see *Hollinger Int'l, Inc. v. Black,* 844 A.2d 1022 (Del. Ch. 2004), *aff'd*, 872 A.2d 559 (Del. 2005). No final judgment has been entered in the present case pending the disposition of claims for which estoppel could not resolve issues of liability and/or relief.

Subsequent to the estoppel rulings in the present case, the conviction of Black in the related criminal proceeding was reversed by the Supreme Court and remanded to the Court of Appeals. See *Black v. United States*, 129 S. Ct. 2379 (2010). On remand, the Court of Appeals held that (1) retrial was not warranted on an obstruction of justice count; (2) retrial was warranted on fraud counts relating to the payment of $5.5 million in improper non-compete fees; and (3) retrial was not warranted on fraud counts relating to a $600,000 payment for non-existing covenants not to compete. *United States v. Black,* 625 F.3d 386

(7th Cir. 2010) ("***Black IV***"), *cert. denied*, 131 S. Ct. 2932 (2011). On remand, the government dropped the counts that would have required retrial and Black was resentenced. *See **United States v. Black***, No. 05 CR 727 (N.D. Ill. June 24, 2011) (Docket Entry [1218]).

Black asks that the court vacate the injunctive relief granted, refrain from imposing any penalties for his conduct, and refrain from imposing any disgorgement of his compensation. Plaintiff SEC opposes these requests but agrees that some modification of the prior findings is warranted at this time based on the reversal for retrial of the $5.5 million in improper non-compete payments. Upon consideration of the Seventh Circuit opinion in ***Black IV*** and the briefs of the parties, no alteration of the prior relief ordered or of the findings made is presently warranted except with respect to some findings relating to the $5.5 million improper non-compete payments.

IT IS THEREFORE ORDERED that defendant's motion for relief [205] is granted in part and denied in part. Plaintiff shall draft an order modifying findings relating to the $5.5 million improper non-compete payments, confer with

the attorneys for defendant, and submit the same within 14 days. A status hearing is set for March 15, 2012 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 21, 2012