IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
        Plaintiff, )
 )
  v. ) No. 04 C 7377
 )
CONRAD M. BLACK, et al., )
 )
        Defendants. )

# OPINION AND ORDER

This case is before the court on the motion of plaintiff Securities and Exchange Commission ("SEC") for entry of a final judgment, injunctive relief and civil penalties. Issues with respect to liability and remedies have been addressed in this court's prior orders. *See* **SEC v. Black**, 2008 WL 4394891 (N.D. Ill. Sept. 24, 2008) ("***SEC I***"); ***SEC v. Black***, 2009 WL 1181480 (N.D. Ill. April 30, 2009) ("***SEC II***"); ***SEC v. Black***, 2012 WL 601858 (N.D. Ill. Feb. 21, 2012) ("***SEC III***"). Defendant Conrad Black ("Black") has been enjoined from violating provisions of the securities laws and regulations and barred from acting as an officer or director of a public company.

Disgorgement plus interest are remedies available to prevent defendants from profiting from their illegal securities activities. 15 U.S.C. §§ 77t(d), 78u(d)(3); *SEC II*, 2009 WL 1181480 at *5. Salary disgorgement and the payment of prejudgment interest was previously held to be applicable, though no final judgment was entered. See *SEC II*, *supra*. At that time, the SEC was still pursuing further monetary relief based on additional transactions that involved genuine factual disputes and therefore could not be resolved on summary judgment, unlike the transactions resolved in *SEC I* and *SEC II*. In *SEC I*, summary judgment as to liability was based on the estoppel effect of related rulings, including criminal proceedings against Black. Black successfully appealed some counts of his criminal conviction, requiring an adjustment of the disgorgement amount that could be based on collateral estoppel. See *SEC III*, *supra*. The parties thereafter stipulated to the amount of disgorgement that would be appropriate in light of such changes and the SEC chose not to pursue additional disgorgement based on previously unresolved claims. Based on the parties' stipulation, a partial judgment as to injunctive relief and disgorgement was entered. *See* April 19, 2012 Judgment and Order (Docket Entry [219]). The agreed amount of disgorgement is $3,819,689.50. Because issues of prejudgment interest and

penalties remain to be resolved, the monetary aspect of the April 19, 2012 judgment is not final.

Pursuant to the "Fair Funds" provision contained in § 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246(a), disgorgement plus interest and penalties will be paid to Hollinger International, Inc., now known as Sun-Times Media Group, Inc. ("International"), the victim of the fraud.

The parties have entered into a stipulation with respect to the form and terms of a final remedies order, without prejudice to the right of either party to appeal. Interest calculations differ based on whether or not interest is or is not compounded. Compounding interest is the norm; it makes the injured party whole by compensating it for the time value of the monetary loss. ***Premium Plus Partners, L.P. v. Goldman, Sachs & Co.***, 648 F.3d 533, 538-39 (7th Cir. 2011); ***Dominick L. v. Bd. of Educ. of Chicago, Dist. 299***, 2012 WL 4461780 *5 (N.D. Ill. Sept. 25, 2012); ***CIT Commc'ns Fin. Corp. v. Wes-Tech Automation Solutions, LLC***, 2011 WL 1807041 *1-2 (N.D. Ill. May 11, 2011). The SEC's prejudgment interest computations, which are based on quarterly compounding, will be adopted.[1]

---

[1] The SEC's calculation computes interest through June 30, 2012. If the SEC wants to request prejudgment interest from July 1, 2012 to the date of entry of judgment, it must bring a motion to amend within the time permitted by Fed. R.

The remaining issue for consideration is the imposition of a civil penalty. In this connection, the defendant asks the court to consider the criminal penalties that have been imposed, including a 42-month prison term, a fine of $125,000 and a forfeiture of $600,000. *See **United States v. Black***, No. 05 CR 727 (N.D. Ill. June 24, 2011) (Docket Entry [1217]). Black also cites the judgment entered against him in the Delaware civil litigation in the amount of $8,693,053.66. *See **Hollinger Int'l, Inc. v. Black***, 844 A.2d 1022 (Del. Ch. 2004), *aff'd*, 872 A.2d 559 (Del. 2005).

Pursuant to the Securities Enforcement Remedies and Penny Stock Reform Act of 1990, 15 U.S.C. §§ 77t(d) and 78u(d)(3), the SEC requests that the court impose a third-tier penalty of $4,104,690 reflecting ill-gotten compensation from International that is the basis of the stipulated disgorgement amount plus an additional $285,000 of Forum and Paxton "non-compete" payments that would have been subject to disgorgement but were previously repaid. *See **SEC II***, 2009 WL 1181480 at *2, 4.

International incurred substantial losses as a result of the fraudulent schemes of Black and his co-defendants far in excess of the judgment in the Delaware proceeding. It has been represented that International has spent in excess

---

Civ. P. 59(e).

of $200 million in connection with disputes, investigations and legal proceedings, including more than $100 million in indemnity payments that the company was required to advance to pay for the legal defense of Black and other former officers and directors.

Black's violations of the securities laws in this case occurred over two years, part of a wide-ranging fraud. In 1982, in a different enforcement action, Black consented to the entry of an injunction prohibiting him from violations of the anti-fraud and tender offer provisions of the Exchange Act. *See **Norcen v. Energy Res., Ltd.***, No. C82-1684 (N.D. Oh. July 1, 1982). His conduct in these proceedings is a repeat violation of the securities laws. Black has advanced no reason to believe that he now has any respect for the securities laws or any regret for the losses or costs his violations have caused. He is intransigent in his denunciation of the courts and the justice system. *See* Conrad Black*, A Matter of Principle* (2011).

Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(B), sets forth three tiers of civil penalties. "Third-tier" civil penalties are appropriate if the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and . . . directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." *Id.*

§ 78u(d)(3)(B)(iii)(aa)-(bb). The maximum third-tier penalty applicable to Black is "the gross amount of pecuniary gain to" him. *Id.* § 78u(d)(3)(B)(iii). The $4,104,690 penalty requested by the SEC reflects the disgorgement. It is not the maximum possible penalty because gross pecuniary gain for this purpose would also include an additional amount equal to the more than $2.3 million of prejudgment interest to be imposed. ***SEC v. Koenig***, 557 F.3d 736, 744-45 (7th Cir. 2009); ***SEC II***, 2009 WL 1181480 at *5. In making the discretionary decision as to whether to impose a penalty and, if so, how much, "factors that may be considered include the egregiousness of the violations, defendant's intent, whether the violations were recurring, whether defendant has admitted wrongdoing, the losses or risks of losses caused by the conduct, any cooperation defendant provided to enforcement authorities, and the imposition of other remedies or penalties." ***SEC II***, 2009 WL 1181480 at *5.

Defendant Black's conduct fits the language of the statute. Black contends, however, that he has already been adequately punished by disgorgement in this case and by criminal penalties (imprisonment, a forfeiture and a fine) and monetary awards in the related civil proceedings.

Black contends that the cases cited by the SEC are distinguishable from his situation based on what is disgorged. It was found that, if Black had timely

disclosed that, regarding transactions between International and other parties, Black was taking so-called "non-competition" and "supplemental" payments for himself that would have otherwise been paid to International, International would have discharged him in 2002 instead of November 2003. *Id.* at *3. Black is required to disgorge the compensation International paid him subsequent to the 2002 date he would have been discharged had he made proper disclosures. Black contends none of the cases cited by the SEC are based on the defendant having to repay earned compensation like this and not profits resulting from fraudulent representations. Although not cited in the SEC's latest brief, in ***SEC v. Church Extension of Church of Church, Inc.***, 429 F. Supp. 2d 1045, 1050-51 (S.D. Ind. 2005) (cited in *SEC II*, 2009 WL 1181480 at *2), the defendants were required to disgorge half their base salaries in their final year of employment on the theory that their company would have gone under earlier if not for the defendants' fraud. The amount of disgorgement was substantially less than the $120,000 maximum third-tier penalty then provided for in 15 U.S.C. § 78u(d)(3)(B)(iii), but the court also imposed the $120,000 maximum penalty on one defendant and a $90,000 penalty on the other less culpable defendant. Also, Black's argument ignores that Black caused direct financial losses to International by taking the non-competition/supplemental payments that otherwise would have been part of the

payments to International in the pertinent transactions. Those payments would have been subject to being disgorged as well if they had not already been repaid in other litigation. See **SEC II**, 2009 WL 1181480 at *2. Usurping these payments is a factor to consider regarding the imposition of a penalty. Black's fraudulent conduct is not unique. Still, his specific situation is being considered. All the other monetary and non-monetary sanctions that have been imposed are found to be more compelling factors.

Under the circumstances of this case, where the ill-gotten funds have been forfeited or recovered and the fraudulent conduct has been criminally punished and fined, civil sanctions in the form of disgorgement plus payment of compound interest is found to be sufficient without the addition of a third-tier penalty based on the disgorgement remedy.

In light of today's ruling and the parties' stipulations, prior orders and judgments regarding the SEC's claims against Black will be superseded by the following judgment that will be entered as a separate judgment order as required by Fed. R. Civ. P. 58.

### A. Summary Judgment on Liability

1. Summary Judgment is entered for the Securities Exchange Commission ("SEC") and against Conrad Black on liability for Count I of its Complaint based on (1) statements in the 2001 Form 10-K, 2002 Form 10-K, 2002 Proxy and 2002 Proxy Questionnaire related to the "Supplemental Payments" to Conrad Black for the "Forum" and "Paxton" transactions; and (2) Conrad Black's representations in the November 17, 2003 press release that he had a present intent to comply with the Restructuring Proposal including by devoting his time and attention to the Strategic Process for selling International's assets and by refraining from engaging in transactions for his own benefit that would undermine the Strategic Process;

2. Summary judgment is entered for the SEC and against Conrad Black for Count II based on statements in the 2002 Proxy related to the Supplemental Payments;

3. Summary judgment is entered for the SEC and against Conrad Black for Count III based on statements in the 2001 and 2002 Forms 10-K related to the Supplemental Payments;

4. Summary judgment is entered for the SEC and against Conrad Black for Count IV based on statements in the 2001 and 2002 Forms 10-K related to the Supplemental Payments and limited to a violation of § 13(b)(2)(A) of the Exchange Act;

5. Summary judgment is entered for the SEC and against Conrad Black for Counts V and VI based on statements in the 2001 and 2002 Forms 10-K related to the Supplemental Payments and limited to violations of the record keeping requirement of § 13(b)(2)(A) of the Exchange Act;

6. As to Count IV's § 13(b)(2)(B) claim, the SEC is entitled to summary judgment that it is conclusively established that the 2001 and 2002 Forms 10-K contain inaccuracies related to the Supplemental Payments;

7. As to the aspect of Count VI based on circumventing the internal control requirements of § 13(b)(2)(B) of the Exchange Act, the SEC is entitled to summary judgment that it is conclusively established that the 2001 and 2002 Forms

10-K contain inaccuracies related to the Supplemental Payments and that Conrad Black caused those inaccuracies to be in the Forms.

8. Count VIII of the complaint is dismissed.

### B. Injunctive Relief

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j (b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(1) to employ any device, scheme or artifice to defraud;

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, falsifying any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] in violation of Rule 13b2-1 promulgated thereunder [17 C.F.R. § 240.13b2-1].

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, section 13(b)(5) of the Exchange Act [15 U.S.C.

§ 78m(b)(5)] by knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating Section 14(a) of the Exchange Act [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 [17 C.F.R. §§ 240.14a-3 and 240.14a-9] thereunder, by, among other things, using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of such person's name to solicit proxies, consents, authorizations or notices of meetings in respect of an issuer's securities which contain statements which are false and misleading with respect to material facts or omit to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which became false or misleading or which fails to furnish information required under Exchange Act Rule 14a-3.

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, as a control person under Section 20(a) of the Exchange Act, violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 [17. C.F.R. § 240.12b-20, 240.13a-1 and 240.13a-13] thereunder, by failing to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe, such annual and quarterly reports containing the information required to be included in such reports and, in addition to the information expressly required to be included in such reports, such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made not misleading.

Defendant Conrad Black and defendant's agents, servants, employees, attorneys and assigns who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or

indirectly, as a control person under Section 20(a) of the Exchange Act, violating Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], by, among other things, failing to make and keep books, records and accounts, which in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Conrad Black is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### C. Monetary Relief

1. Defendant Conrad Black is ordered to disgorge $3,819,689.50, constituting his compensation as calculated in the Order dated April 30, 2009 (Docket Entry [182]).

2. Defendant Conrad Black is ordered to pay prejudgment interest in the amount of $2,321,220.00.

This court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS THEREFORE ORDERED that Plaintiff's motion for penalties, prejudgment interest and a judgment [225] is granted in part and denied in part. The Order and Judgment dated April 19, 2012 [218, 219] are vacated. The Clerk of the Court is directed to enter a final judgment in favor of plaintiff Securities Exchange Commission and against defendant Conrad Black in the form set forth herein: (a) resolving all claims of the Securities Exchange Commission against Conrad Black; (b) awarding injunctive relief; (c) requiring that defendant Conrad

Black disgorge $3,819,689.50; and (d) requiring that defendant Conrad Black pay $2,321,220.00 prejudgment interest.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: October 9, 2012