IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 7377 ) |
| CONRAD M. BLACK and HOLLINGER, INC., | ) ) ) |
| Defendants. | ) |

# **OPINION AND ORDER**

On October 10, 2012, a judgment for injunctive relief and monetary relief in a total amount of $6,131,909.50 was entered against defendant Conrad Black. The judgment is based on the estoppel effect of certain civil and criminal judgments against Black. See **SEC v. Black**, 2012 WL 4856196 *1 (N.D. Ill. Oct. 9, 2012). As to the related federal criminal case, Black currently has pending a fully briefed § 2255 motion collaterally attacking his remaining convictions. See **Black v. United States**, 12 C 4306 (N.D. Ill.). If the § 2255 motion is successful, Black would likely be able to vacate or modify the monetary judgment in the present case. See Fed. R. Civ. P. 60(b)(5). Black has moved for a stay of

execution of the monetary judgment pending resolution of his § 2255 motion in the related criminal case.

Federal Rule of Civil Procedure 62(b) applies to stays of execution when certain postjudgment motions are pending in the case, including Rule 60(b) motions. That Rule does not apply to the present case because there is no pending Rule 60(b) motion in the present case. *See **Katz v. Feinberg***, 2001 WL 1132018 *2 (S.D.N.Y. Sept. 24, 2001). The parties agree that this court nevertheless has inherent authority to consider a stay of execution of the judgment in this case. ***Id.***; ***Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.***, 2009 WL 2047635 *2 (C.D. Cal. July 8, 2009). The burden is on Black to establish that he is entitled to the stay. While the Rule 62(b) standard does not directly apply, it is instructive and will be followed. *See **Katz***, 2001 WL 1132018 at *2-3; ***Revolution Eyewear***, *supra*.

Factors to consider include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." ***FTC v. QT, Inc.***, 472 F. Supp. 2d 990, 997 (N.D. Ill. 2007),

*aff'd*, 512 F.3d 858 (7th Cir. 2008) (quoting **Hilton v. Braunskill**, 481 U.S. 770, 776 (1987)). *See also* **Katz**, *supra*; **Revolution Eyewear,** *supra*. Additionally, the weight of authority and the policy behind Rule 62(b) go against granting unsecured stays of execution; the burden is on the proponent of the stay to establish that it would be appropriate to grant a stay without requiring security. *See* **Slip N' Slide Records, Inc. v. Teevee Toons, Inc.**, 2007 WL 1489810 *2 (S.D. Fla. May 18, 2007); **In re Calisoff**, 92 B.R. 357, 359 (Bankr. N.D. Ill. 1988); **Real View, LLC v. 20-20 Techs., Inc.**, 2011 WL 3568022 *2-4 (D. Mass. Aug. 12, 2011); **Pruett v. Skouteris**, 2011 WL 282435 *7-8 (W.D. Tenn. Jan 6, 2011), *mag. j. report adopted*, 2011 WL 282425 (W.D. Tenn. Jan 25, 2011); **Lewis v. United Joint Venture**, 2009 WL 1654600 *1-2 (W.D. Mich. June 10, 2009); **Am. Family Mut. Ins. Co. v. Miell**, 2008 WL 746604 *1-2 (N.D. Iowa March 19, 2008). *Compare also* **Horina v. City of Granite City, Ill.**, 2007 WL 4068123 *1 (S.D. Ill. Nov. 15, 2007), *modified on other grounds*, 538 F.3d 624, *amended*, 548 F.3d 1107 (7th Cir. 2008) (Rule 62(f)).

It is unnecessary to expressly address all possible factors since two factors weigh heavily against granting Black's motion. First, Black has made no attempt to show that his § 2255 motion is likely to succeed on its merits.

The other problem is that Black contends he should not be required to post a *supersedeas* bond during the pendency of a stay. Black points to the fact that the September 2006 order of the Ontario Superior Court places limits on his use of assets in order to prevent dissipation of his assets prior to the entry of judgments in two cases pending in that Canadian court. Apparently the two Canadian cases are still pending, though Black does not expressly state that they are. Also, the precise contours of that order have not been disclosed since the order that is provided incorporates the terms of an undisclosed confidential agreement between the parties in those cases. Black represents that it is unknown whether he could obtain a *supersedeas* bond since he would have to seek permission to do so from the Ontario court. The corollary implication of that representation, though, is that Black also does not know whether he would be able to obtain funds to satisfy the monetary judgment that has been entered in this case. Possible inability to satisfy a judgment is good reason to deny a stay or require a bond. *Cf. Lewis*, 2009 WL 1654600 at *1 ("UJV's purported inability to post a bond does not in any conceivable way show that Plaintiff's interest in the full value of the judgment is secure. In fact, it shows just the opposite. UJV's alleged illiquidity strengthens, not weakens, the need for an appropriate bond."). In this

circumstance, the SEC should not be precluded from attempting to collect the judgment that has been entered.

IT IS THEREFORE ORDERED that defendant Conrad Black's motion for stay of execution of monetary judgment [238] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 6, 2012